UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LAMONT MAJOR,

                Plaintiff,

                vs.

THE CITY OF NEW YORK, CAPTAIN MORALES
#1300, CORRECTION OFFICERS HAYDEN #9367,
and OFFICERS JOHN DOE AND RICHARD ROE
(the names and number of whom are unknown at
present)

                Defendants
------------------------------------------------------------------X

JUDGE CHIN

07 Civ.
07 CIV 3738

COMPLAINT

JURY TRIAL
DEMANDED



RECEIVED MAY 1 1 2007 U.S.D.C. S.D. N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth Amendment and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff while incarcerated was deprived of his constitutional and common law rights when the individual defendants assaulted and battered plaintiff and verbally abused plaintiff.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The plaintiff, Lamont Major, is and was at all times a resident of the County of New York, State of New York. Mr. Major is a citizen of the United States.

6. New York City Corrections Officers Captain Morales shield number 1300, Officer Hayden shield number #9367 and John Doe and Richard Roe are and were at all times relevant herein officers, employees and agents of the New York City Department of Corrections. On the date of the incident May 12, 2006, these officers were assigned to the GRVC facility on Rikers Island.

7. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Department of Corrections, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They

were acting for and on behalf of the New York City Department of Corrections at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Department of Corrections and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Department of Corrections.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a correction department which acts as its agent and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a correctional force and the employment of corrections officers.

## STATEMENT OF FACTS

9. On May 12, 2006, plaintiff Lamont Major was a pre-trial detainee at the GRVC facility located on Rikers Island.

10. While plaintiff was in his housing area and headed to the law library a fight broke out between several inmates.

11. Plaintiff was not involved in the fight.

12. After the fight ended all the inmates were told to line up against the wall.

13. After they were lined up correction officers began to strike the inmate about their bodies and face.

14. Plaintiff was told to line up against the wall and he complied.

15. While against the wall, plaintiff informed Defendant Hayden that he was not involved in the fight.

16. Defendant Hayden then proceeded to punch plaintiff in the face.

17. After being punched in the face, plaintiff fell to the ground and tried to cover his head to protect himself.

18. Plaintiff was then attacked by other officers including Captain Morales who kicked plaintiff.

19. Plaintiff did not provoke the assault nor did he offer any resistance.

20. Plaintiff sustained numerous injuries including injury to his eye which resulted in blurred vision, bruising and swelling to the face, and bruising to his body.

21. The assault on plaintiff was witnessed by other corrections officers and other inmates.

22. The assault and battery of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

23. Plaintiff was treated at East Elmhurst Hospital in Queens County.

24. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

25. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if more fully set forth at length herein.

26. The use of excessive force by defendants in striking plaintiff about the body and face

was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION

### Assault

27. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth at length herein.

28. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

29. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Department of Corrections which are therefore responsible for their conduct.

30. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION

### Battery

31. The plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs marked 1 through 30 with the same force and effect as if more fully set forth at length herein.

32. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

33. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Department of Corrections which are therefore responsible for their conduct.

34. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

35. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants individuals who were unfit for the performance of correction duties on May 12, 2006, at the aforementioned location.

37. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

38. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $1,000,000, against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

1. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:   May 11, 2007
         New York, New York

_____
EARL S. WARD, ESQ. (EW 2875)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

(212) 763-5070

7