# MEMO ENDORSED





RECEIVED
MAY 31 2007
JUDGE CHIN'S CHAMBERS

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov

May 30, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/2007

**BY HAND**
Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Lamont Major v. City of New York, et al., 07 CV 3738 (DC)

Dear Judge Chin:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. Defendant respectfully requests that the time to respond to the complaint be extended by sixty days from the current due date of June 5, 2007, to August 6, 2007. Plaintiff's counsel has consented to this request.

      Defendant requests this enlargement of time because, in keeping with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Plaintiff has alleged physical injury as a result of the events of which he complains and, accordingly, this office is in the process of forwarding to plaintiff's counsel a consent and authorization for the release of medical records for treatment received as a result of the alleged incident.

      In addition, plaintiff has named individual defendants in this action who are employed by the City of New York. This extension will give plaintiff time in which to serve these defendants if he has not already done so. If plaintiff has served the individual defendants, without appearing or making any representations on their behalf, we respectfully request that they be granted the same extension of time in which to respond to the allegations of the complaint in order to ensure that their defenses are not jeopardized while representational issues are being addressed. Moreover, once the individual defendants have been served, pursuant to Section 50-k of the New York General Municipal Law, the Corporation Counsel's office must determine, based on a review of the facts of the case, whether we may represent them. See

Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension of time to respond to the complaint has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to August 6, 2007.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)

cc: Earl S. Ward, Esq.
Attorney for Plaintiff
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(by hand)

Approved,
SO ORDERED,

USDJ 5/31/07

2