UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LAMONT MAJOR,                                          **ANSWER**

                                    Plaintiff,          07 CV 3738 (DC)

                    -against-                           <u>Trial By Jury Requested</u>

THE CITY OF NEW YORK, CAPTAIN             (filed by ECF)
MORALES # 1300, CORRECTION OFFICERS
HAYDEN #9367, and OFFICERS JOHN DOE AND
RICHARD ROE (the names and number of whom
are unknown at present),

                                    Defendants.

------------------------------------------------------------------------x

      Defendants City of New York and Calvin Hayden,[1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

      2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and to invoke the jurisdiction of this Court as set forth therein.

      3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke this Court's supplemental jurisdiction as set forth therein.

------------------------------

[1] On information and belief, defendant Michael Morales has not yet been served.

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that Michael Morales was employed by the City of New York as a correction captain with shield # 1300 and was assigned to the George R. Vierno Center correctional facility on Rikers Island on May 12, 2006, and admit that Calvin Hayden was employed by the City of New York as a correction officer with shield # 9367 and was assigned to the George R. Vierno Center correctional facility on Rikers Island on May 12, 2006.

7.    Defendants state that the allegations set forth in paragraph "7" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York, admit that the City of New York maintains a department of correction, and state that the allegations concerning whether the City is authorized by law to maintain a correction department and whether the City of New York assumes the risks incident thereto are conclusions of law rather than averments of fact and, accordingly, no response is required.

9.    Admit the allegations set forth in paragraph "9" of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that a fight among inmates took place.

11.     Deny the allegations set forth in paragraph "11" of the complaint.

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was transported to Elmhurst Hospital in Queens, New York.

24.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about July 27, 2006, that more than thirty days have elapsed since that date, and that the claim has not been settled.

25.    In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth therein.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "26" of this answer as if fully set forth therein.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Defendants state that the allegations set forth in paragraph "29" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

30.    Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiffs purports to invoke this Court's supplemental jurisdiction.

31.    In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "30" of this answer as if fully set forth therein.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    Defendants state that the allegations set forth in paragraph "33" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

34.    Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff purports to invoke this Court's supplemental jurisdiction.

35.    In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth therein.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint, except admit that plaintiffs purports to invoke this Court's supplemental jurisdiction.

38.    Admit that plaintiff purports to demand a trial by jury as set forth in paragraph "38" of the complaint.

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**:

39.    The complaint fails to state a claim upon which relief can be granted.

**<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>**:

40.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>**:

41.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

42.     Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

43.     Plaintiff provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

44.     Punitive damages are not obtainable as against defendant City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

45.     Defendant Calvin Hayden has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**WHEREFORE**, defendants City of New York and Calvin Hayden request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        August 6, 2007

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                            City of New York
                                        Attorney for Defendants City of New York
                                            and Calvin Hayden
                                        100 Church Street
                                        New York, New York  10007
                                        (212) 227-4071


                                        By: _____/S/_____
                                            SUSAN P. SCHARFSTEIN (SS 2476)



To:     Earl S. Ward, Esq.
        Attorney for Plaintiff
        75 Rockefeller Plaza, 20th Floor
        New York, NY  10019

7

Index No.  07 CV 3738 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONT MAJOR,

                                                    Plaintiff,

                   -against-

THE CITY OF NEW YORK, CAPTAIN MORALES # 1300,
CORRECTION OFFICERS HAYDEN #9367, and OFFICERS
JOHN DOE AND RICHARD ROE (the names and number of whom
are unknown at present),

                                                    Defendants.

## ANSWER

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Calvin Hayden*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................................., 200 . . .*

*................................................................................Esq.*

*Attorney for ...................................................................................*