USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/08

RECEIVED
MAR 17 2008
JUDGE CHIN'S CHAMBERS



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Susan P. Scharfstein**
*Special Federal Litigation Division*
212-227-4071
*Facsimile: (212) 788-9776*
*sscharfs@law.nyc.gov*

March 14, 2008

**BY HAND**
Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Lamont Major v. City of New York, et al.</u>, 07 CV 3738 (DC)

Dear Judge Chin:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York and Calvin Hayden in the above-referenced action brought pursuant to 42 U.S.C. § 1983 and alleging excessive force.[1] I write with reference to the parties' joint request for an extension of the discovery schedule that is set to close on March 28, 2008. The parties also request an adjournment of the conference now set for the same date at 10:00 a.m.,[2] to a date thereafter.

    To date, the parties have exchanged written discovery requests, as well as authorizations for release of records and medical records. As this incident involves allegations concerning an incident at a Rikers Island facility, defendants have needed to retrieve extensive records reflecting internal investigations of the incident both at the facility level and by a separate division of the New York City Department of Corrections that conducts investigations of uses of force at the various DOC facilities. The file reflecting the latter investigation has only recently become available to defendants, as the internal investigation had been pending for some

---

[1] Defendants are in the process of arranging to address representational issues as to a third defendant, Michael Morales, who was more recently served in this action.

[2] Although no scheduling order appears on the docket sheet, the notes of counsel for both sides taken at the initial conference reflect that discovery is set to close on March 28, 2008.

time, and the records were not made available to the Law Department until the investigation was concluded. The documents contain, among other things, important contemporaneous witness statements that are needed by the parties to formulate their strategies for discovery in this matter. Those documents also are needed by plaintiff's expert to prepare his report. Defendants are preparing those documents for production and expect to produce them before the end of this month. Once the documents have been exchanged and both counsel have reviewed them, the parties will need to determine which of the many inmate and officer witnesses will be needed for depositions. We anticipate that it may be necessary to conduct as many as 12 to 14 depositions of fact witnesses. Some of those non-party witnesses may be difficult to locate.

Although the parties have had some preliminary discussions concerning settlement, as I indicated at the initial conference, some expert discovery is needed to facilitate further settlement discussions. The parties initially had hoped that input from expert physicians might assist in resolving this matter informally and might allow them to avoid the expense of numerous depositions of fact witnesses. Plaintiff has had a consulting medical expert review plaintiff's records in order to appropriately value the case for the purpose of an informal resolution, as this matter involves an allegation of a serious physical injury. As a consequence, plaintiff has revised his settlement demand. However, the parties believe that additional input from, and discovery of, experts is necessary in order to conduct further settlement discussions. At present, the parties are aware of no discovery issues as to which they wish to request the Court's assistance.

I also note that I am presently scheduled to commence trial before Judge Stein in another matter on March 31, 2008, and am in the midst of preparing for trial. Plaintiff's counsel, Mr. Ward, has had to devote substantial time and attention to a Congressional hearing in which he participated in February and to several other important criminal matters over the last several months as he is a sole practitioner who practices primarily in the area of criminal defense.

No previous request for an extension of the discovery schedule or the conference has been made. Accordingly, we respectfully request that the Court grant this joint request to extend the close of fact and expert discovery to June 20, 2008, and to set the next conference for a date thereafter that is convenient for the Court.

Thank you for your consideration herein.

*Application granted to the extent the discovery cut-off is extended until June 27, 2008. The 3/28/08 PTC is adjourned to 6/27/08 at 10:30 am.*

*SO ORDERED.*

Respectfully submitted,

Susan Scharfstein
Susan P. Scharfstein (SS 2476)

USDJ  3/18/08

2