UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

LAMONT MAJOR,

                               Plaintiff,

                  -against-

THE CITY OF NEW YORK, CAPTAIN
MORALES # 1300, CORRECTION OFFICERS
HAYDEN #9367, and OFFICERS JOHN DOE AND
RICHARD ROE (the names and number of whom
are unknown at present),

                              Defendants.

-----------------------------------------------------------------------x

**ANSWER OF DEFENDANT MICHAEL MORALES**

07 CV 3738 (DC)

<u>Trial By Jury Requested</u>

(filed by ECF)

        Defendant Michael Morales, by his attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action and to invoke the jurisdiction of this Court as set forth therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke this Court's supplemental jurisdiction as set forth therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that Michael Morales was employed by the City of New York as a correction captain with shield # 1300 and was assigned to the George R. Vierno Center correctional facility on Rikers Island on May 12, 2006, and admits that Calvin Hayden was employed by the City of New York as a correction officer with shield # 9367 and was assigned to the George R. Vierno Center correctional facility on Rikers Island on May 12, 2006.

7. Defendant states that the allegations set forth in paragraph "7" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York, admit that the City of New York maintains a department of correction, and states that the allegations concerning whether the City is authorized by law to maintain a correction department and whether the City of New York assumes the risks incident thereto are conclusions of law rather than averments of fact and, accordingly, no response is required.

9. Admits the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that a fight among inmates took place.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff was transported to Elmhurst Hospital in Queens, New York.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about July 27, 2006, that more than thirty days have elapsed since that date, and that the claim has not been settled.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth therein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27.  In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "26" of this answer as if fully set forth therein.

28.  Denies the allegations set forth in paragraph "28" of the complaint.

29.  Defendant states that the allegations set forth in paragraph "29" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

30.  Denies the allegations set forth in paragraph "30" of the complaint, except admits that plaintiffs purports to invoke this Court's supplemental jurisdiction.

31.  In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30" of this answer as if fully set forth therein.

32.  Denies the allegations set forth in paragraph "32" of the complaint.

33.  Defendant states that the allegations set forth in paragraph "33" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

34.  Denies the allegations set forth in paragraph "34" of the complaint, except admits that plaintiff purports to invoke this Court's supplemental jurisdiction.

35.  In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth therein.

36.  Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admits that plaintiffs purports to invoke this Court's supplemental jurisdiction.

38. Admits that plaintiff purports to demand a trial by jury as set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

39. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

40. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42. Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. Punitive damages are not obtainable as against defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45. Defendant Michael Morales has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**WHEREFORE**, defendant Michael Morales requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 16, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York,
  Michael Morales, and Calvin Hayden
100 Church Street
New York, New York 10007
(212) 227-4071

By: _____/S/_____
    SUSAN P. SCHARFSTEIN (SS 2476)

To:  Earl S. Ward, Esq.
     Attorney for Plaintiff
     75 Rockefeller Plaza, 20th Floor
     New York, NY 10019

Index No. 07 CV 3738 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONT MAJOR,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, CAPTAIN MORALES # 1300, CORRECTION OFFICERS HAYDEN #9367, and OFFICERS JOHN DOE AND RICHARD ROE (the names and number of whom are unknown at present),

                                      Defendants.

**ANSWER OF DEFENDANT MICHAEL MORALES**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York, Michael Morales, and Calvin Hayden*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Susan P. Scharfstein (SS 2476)*
   *Tel: (212) 227-4071*
   *NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................., 200 . . .*

*................................................................................................. Esq.*

*Attorney for.........................................................................*